FILED

OCT 23 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Florence Boyer, sua sponte/prose

P.O. Box 150631, San Rafael CA, 94915

floboyer@yahoo.com,  415.879.7228

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN CALIFORNIA

CV 17    6063 YGR

Florence Boyer
S, minor
Brought by next friend and parent,
Florence Boyer

CASE no. _____
FILED IN ASSOCIATION WITH
CASES 2:2017-cv-02072
3:17 cv 01224, 17-cv-005514
and 3-17 cv-1669
Civil Complaint

V

Defendants
State of California Attorney General Xavier Becerra
State of California Judicial Branch, Chief Justice Tanil Cantil Sakauye
Presiding Judge Kelly V. Simmons, Marin Superior Court
Judge Verna A. Adams, Marin Superior Court, State of California
Judge Beverly K. Wood, Marin Superior Court, State of California
Judge Mark A. Talamantes, Marin Superior Court, State of California
Marin Superior Court Family Court Services, James Kim
County of Marin Department of Health and Human Services, Grant Colfax
Marin General Hospital, Lee Domanico
Marin City Health and Wellness Center, Jay Von Mohammad
Marin City Police Department, John Rohrbacher
Family Service Agency of Marin/Bukelew, Tamara Player
Center For Domestic Peace, Donna Garske
The Bar Association of San Francisco/Marin,  Yolanda Jackson
Attorney Renee Marcelle
Attorney Cora J. Lancelle
Attorney Allan Samson
Attorney Kristine Fowler Kirby
Attorney Abby F. Lucha
Family and Children's Law Center, David Sutton
Attorney Alexandria Quam
Attorney Nathan Siedman
Mill Valley Police Department, Angel Bernal
Riley Center, Shari Wooleridge
A Woman's Place, CATS, Felicia Houston
Marin County Sheriffs Department, Robert T. Doyle
Community Violence Solutions, Melissa Donald
Community Action Marin, Amanda McCarthy
Marin Christian Day Academy, Christopher Mychajluk
Rally Family Visitation Services, Sonia Melara

Homeward Bound of Marin, Mary K. Sweeney
Ritter Center, Linda Tavaszi
Marin Community Clinic, Linda Tavaszi
Petersen Dean, Inc., Jim Petersen
Hope and Wellness of Marin, Lisa Murphy LCSW
Marin County EM,S, Miles Julihn MA
Novato Community Hospital, Brian Alexander
Association of Family and Conciliation Courts, Peter Salem
California Chapter Association of Family and Conciliation Courts, Michael John Kretzmer

## COMPLAINT

Plaintiffs Florence Boyer, et al, alleges the following:

## INTRODUCTION

1. Florence Boyer and S each a qualified individual with a mental health disability, (collectively, "Plaintiffs"), bring this complaint against the above-named Defendants State of California, et al (collectively "Defendants"), who are public and/or private entities. From 2015 – present, Defendants have regarded Plaintiffs' as having a mental impairment "unknown mental illness", "Alienating", "PAS" "irrational belief", "False belief" "bi-polar" "Anxiety Disorder" "Dissociative Disorder" "Social and Emotional Issues", "Cognitive impairments" "Major Depression Disorder", "Unstable", "Mood Disorder"," Delusional", "Anorexic", "Flight Risk" regarded as, and discriminated against Plaintiffs according to these perceived mental impairments. Defendants acted on assumptions and sex-based stereotypes about Plaintiffs' disabilities; and failed to individually analyze what services and supports would be appropriate considering those disabilities. Defendants refused to provide appropriate individualized treatment and accommodations necessary to ensure that Plaintiffs had full and equal opportunity to court proceedings to which Florence Boyer's parental rights and child's custody were at issue. Moreover, Defendants exploited Plaintiffs' disabilities.

2. Defendants' actions, inactions, and omissions here violate Title II of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35; Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12181 *et seq.*, and its implementing regulation, 28 C.F.R. Part 35; Title III of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

3. Plaintiffs do not challenge or appeal a lawful State court decision.

4. This matter raises an issue of general public importance.

"From the Public Health Perspective:

5. In the judicial system, a norm is established against discrimination on the basis of disability tying law closely to public health. Thus, it would seem that justice and public health in many ways are interdependent. However, public health and law are separate disciplines, and as Wendy Parmet, a leading expert on health, disability, and public health law puts it, "The legal perspective contrasts dramatically with a public health population perspective. Legal reasoning tends to rely on analogy and deductive application of rules to facts. Public health works from empirical evidence and probabilistic reasoning." "Including persons with disabilities providing equal stance in courts of law necessitates a blueprint that avoids exploitation of disabilities due to legal adversarial tactics."

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action under 28 U.S.C. § 1331, and 42 U.S.C. §§ 12133 and 12188. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court may grant attorney's fees pursuant to 42 U.S.C. § 12205.

7. The acts and omissions of Defendants giving rise to this action occurred in Marin County, California and San Francisco County, California. Plaintiffs have been situated and aggrieved in Marin County, California during a substantial portion of the events giving rise to this action, including present unmitigated harm occurring in this district, making venue proper in this judicial district pursuant to 28 U.S.C. § 1391.

8. Enforcement by the United States Attorney General is invoked pursuant to 42 U.S.C. §§ 12133 and 12188.

9. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

10. Plaintiffs are bringing sex discrimination as State of California Constitution enacted statute on Sex Discrimination.


## PARTIES

11. The United States has an Interest herein;

12. Plaintiff Florence Boyer resides in P.O. Box 150631, San Rafael, CA 94915.

13. Plaintiff S. is a minor individual who is the child of Florence Boyer.

14. Defendant, "The State of California", office of the Attorney General Xavier Becerra including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State of California, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance, including DOJ grants and funding. It is located at 455 Golden Gate, Suite 11000, San Francisco,

CA 94102-7004. He is sued in his individual and official capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

15. Defendant, THE STATE OF CALIFORNIA JUDICIAL BRANCH, CHIEF JUSTICE Tani Cantil Sakauye in the Courts of California in her leadership role as the administrators and managers of California system, its courts, officers, and related office and programs. Including its respective departments, agencies, and other instrumentalities, is a unit of local government in the State California, is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is subject to the ADA and its implementing regulation. It is a recipient of federal financial assistance. It is located 455 Golden Gate Avenue San Francisco, CA 94102-3688. She is sued in her individual and official capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP- constitutional challenge to the California Family Court System.

16. Defendant, Kelly V. Simmons was the Presiding Judge of the Family Division Marin Superior Court, Marin County California at the time of the events complained of herein. She is being sued in her official and individual capacities. Marin Superior Court is located at 3501 Civic Center Drive, San Rafael, CA 94903. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

17. Defendant, Judge Verna A. Adams was a judge of the Family Division of the Marin Superior Court, Marin County, California at the time of the events complained of herein. She is being sued in her official and individual capacities. Marin Superior Court is located at 3501 Civic Center Drive, San Rafael, CA 94903. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

18. Defendant Judge Beverly K. Wood was a judge of the Family Division of the Marin Superior Court, Marin County, California at the time of the events complained of herein. She is being sued in her official and individual capacities. Marin Superior Court is located at 3501 Civic Center Drive, San Rafael, CA 94903. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

19. Defendant Judge Mark A. Talamantis was a judge of the Family Division of the Marin Superior Court, Marin County, California at the time of the events complained of herein. He is being sued in his official and individual capacities. Marin Superior Court is located at 3501 Civic Center Drive, San Rafael, CA 94903. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

20. Marin Superior Court Family Court Services, Marin County, California. James Kim, Court, Executive Officer, was at the time of the events complained of herein. He is being sued in her official and individual capacities. Marin Superior Court is located at 3501 Civic Center Drive, San Rafael, CA 94903. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

21. Defendant, Marin County Department of Health and Human Services: Child Welfare Services (formerly known as CPS), Grant Colfax, Director of Child Welfare Services was Director at the time of the events complained of herein. He is being sued in his official and individual capacities. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. He is located at 3240 Kerner

Boulevard, San Rafael, CA 94901. He is being sued in his official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

22. Defendant Marin General Hospital, Lee Domanico, was President and CEO at the time of the events complained herein. He is both a "public entity within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 250 Bon Air Road, Greenbrae, CA 94904. He is being sued in his official and individual capacities.

23. Defendant Marin City Health and Wellness Center, Jay V. Mohammad was Executive Director at the time of the events complained herein. He is both a "public entity within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 630 Drake Avenue, Marin City, CA 94965. He is being sued in his official and individual capacities.

24. Defendant Marin City Police Department, Chief of Police John Rohrbacher, Marin County California was Chief of Police at the time of the events complained herein. He is both a "public entity within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 850 Drake Avenue, Marin City, CA 94965. He is being sued in his official and individual capacities.

25. Defendant Family Service Agency of Marin/Bukelew, Tamara Player, Executive Director. She was Executive Director at the time of the events complained herein. She is both a "public entity within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C.

§ 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 555 Northgate Drive, #200, San Rafael, CA 94903. She is being sued in his official and individual capacities.

26. Defendant Center For Domestic Peace, Donna Garske, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 734 A Street, San Rafael, CA 94901. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

27. Defendant San Francisco Bar Association, Yolanda Jackson, President. She was the President at the time complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. He is located 301 Battery Street, 3rd Floor, San Francisco, CA 94111. She is being sued in her official and individual capacities.

28. Defendant Renee Marcelle is an independent attorney, member of the California Bar Association, bar#135643. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 930 Irwin Street #218, San Rafael, CA 94901. She is being sued in her official and individual capacities.

29. Defendant Cora Lancelle is an independent attorney, member of the California Bar Association, bar#111762. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and

"private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1368 Lincoln Avenue, San Rafael, CA 94901. She is being sued in her official and individual capacities.

30. Defendant Alan Samson is an independent attorney, member of the California Bar Association, bar #88748. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 1 Sutter Street #700, San Francisco, CA 94104. He is being sued in his official and individual capacities.

31. Defendant Kristine F. Cirby is an independent attorney, member of the California Bar Association, bar #157370. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 30 North San Pedro Road, San Rafael, CA 94903. She is being sued in her official and individual capacities.

32. Defendant Abby F. Lucha is an independent attorney, member of the California Bar Association, bar #258757. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 30 North San Pedro Road, San Rafael, CA 94903. She is being sued in her official and individual capacities.

33. Defendant Family and Children's Law Center, David Sutton, President. He was President at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is

subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. She is located at 30 North San Pedro Road, San Rafael, CA 94903. He is being sued in her official and individual capacities.

34. Defendant Alexandria Quam is Director of Legal Self -Help Services and Family Law Facilitator at Marin Superior Court and an independent attorney, member of the California Bar Association, bar#202738. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 3501 Civic Center Drive, San Rafael, CA 94903. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

35. Defendant Attorney Nathen Siedman is an independent attorney, member of the California Bar Association, bar#282646. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at P.O. Box 874, Bolinas, CA 94924. He is being sued in her official and individual capacities.

36. Defendant Mill Valley Police Department, Chief of Police Angel Bernal, Marin County California. She was Chief of Police at the time of events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1 Hamilton Drive, Mill Valley, CA 94941. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Court System.

37. Defendant Community Violence Solutions, Cynthia Peterson, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 4340 Redwood Highway, Ste F-109, San Rafael, CA 94903 She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

38. Defendant Riley Center, Shari Wooleridge, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1175 Howard Street, San Francisco, CA 94103. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

39. Defendant A Woman's Place, Felicia Houston, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1171 Mission Street, San Francisco, CA 94103. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

40. Defendant Marin County Sheriff's Department, Chief of Police Robert T. Doyle, Marin County California. He was Chief of Police at the time of events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the

meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1600 Los Gamos Drive #200, San Rafael, CA 94903. He is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Court System.

41. Defendant Community Action Marin, Amanda Mc Carthy, President.  She was President at the time of the events complained of herein.  She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance.  She is located at 29 Mary Street, San Rafael, CA 94901.

42. Defendant, Marin Christian Academy, Christopher Mychajluk, Principal. He was School Principal at the time of events complained of herein.  He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 1370 S. Novato Boulevard, Novato, CA 94947.  He is being sued in his official and individual capacities.

43. Defendant Rally Family Visitation Services, Sonia Melara, President.  She was President at the time of the events complained of herein.  She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations.  She is a recipient of federal financial assistance.  She is located at 900 Hyde Street, San Francisco, CA 94109. She is being sued in her official and individual capacities. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Family Court System.

44. Defendant Homeward Bound of Marin, Mary Kay Sweeney, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1385 North Hamilton Parkway, Novato, CA 94949. She is being sued in her official and individual capacities.

45. Defendant Ritter Center, Linda Tavaszi, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 16 Ritter Street, San Rafael, CA 94901. She is being sued in her official and individual capacities.

46. Defendant Marin Community Clinic, Tavaszi, Executive Director. She was Executive Director at the time of the events complained of herein. She is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. She is a recipient of federal financial assistance. She is located at 1177 E, Francisco Bouleverd #B, San Rafael, CA 94901. She is being sued in her official and individual capacities.

47. Defendant PetersenDean, Jim Petersen, CEO. He was CEO at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. She is located at 39300 Civic Center Drive #300, Fremont, CA 94538. He is being sued in his official and individual capacities.

48. Defendant Hope and Wellness of Marin, Lisa Murphy, LCSW. She was an independent mental health provider licensed by the State of California and doing business in Marin County at the time of the events complained herein. She is a "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. She is located at 200 Tamal Plaza #130, Corte Madera, CA 94925. She is being sued in her official and individual capacities.

49. Defendant Marin Emergency Medical Services, Miles Julihn, MA Program Manager. He was Program Manager at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 1600 Los Gamos Drive #220, San Rafael, CA 94903. He is being sued in his official and individual capacities.

50. Defendant Novato Community Hospital, Brian Alexander, CEO. He was CEO at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity" within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 180 Rowland Way, Novato, CA 94945. He is being sued in his official and individual capacities.

51. Defendant Association of Family and Conciliation Courts, Peter Salem, MA Executive Director. He was Executive Director at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 6525 Grand Teton Plaza, Madison, WI 53719. He is being sued in his official and individual capacities.

52. Defendant California Chapter Association of Family and Conciliation Courts, Michael John Kretzmer, bar #110785, President. He was President at the time of the events complained of herein. He is both a "public entity" within the meaning of 42 U.S.C. § 12131(1); and "private entity within the meaning of 42 U.S.C. § 12181(1); and is subject to the ADA and its implementing regulations. He is a recipient of federal financial assistance. He is located at 1925 Century Park East, Suite 850, Los Angeles, CA 90067. He is being sued in his official and individual capacities.

## FACTS

1. At all times herein, Plaintiff, Florence Boyer is a female and biological mother of S.

2. The United States Department of Health and Human Services (HHS) and the United States Department of Justice (DOJ) issued a technical assistance manual in August 2015, stating: "Title II of the ADA applies to the services, programs, and activities of all state and local governments throughout the United States, including child welfare agencies and court systems. The "services, programs, and activities" provided by public entities include, but are not limited to, investigations, assessments, provision of in-home services, removal of children from their homes, case planning and service planning, visitation, guardianship, adoption, foster care, and reunification services. "Services, programs, and activities" also extend to child welfare hearings, custody hearings, and proceedings to terminate parental rights."

3. Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

4. In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment . . . ." 42 U.S.C. § 12101(b)(4). Moreover, the Act

provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter." § 12202. We have accepted this latter statement as an unequivocal expression of Congress's intent to abrogate state sovereign immunity. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-364 (2001).

5. In March 2017, Karin Wolf filed a complaint of disability discrimination and other acts prohibited by The Americans with Disabilities as Amended Act. (ADA/ADAAA) Case no. 2:2017-cv-02072. In her complaint, she claimed her cause of action and included in her cause of action "and those similarly situated."

6. In July 2017, Susan Skipp filed a complaint of disability discrimination and other acts prohibited by The Americans with Disabilities as Amended Act. (ADA/ADAAA) Case no. 3:17 cv 01224. In her complaint, she claimed her cause of action and included in her cause of action "and those similarly situated."

7. Plaintiffs are similarly situated.

8. In 2015, Ms. Boyer had Full Custody of S. On April 28, 2015 an Ex Parte Order without notification provided father with Temporary Sole Custody of S. and no contact with Ms. Boyer. Ms. Boyer was falsely accused and held against her will in a mental health facility until May 15, 2015. On that day there was a Hearing that Ms. Boyer was unprepared for with inadequate representation. At that time father was provided Full Legal and Physical Custody of S., placing Florence on Supervised Visitation from that day to present day 2017.

9. According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent, especially where abuse is alleged (Saunders' report, 2012).

10. The Association of Family and Conciliation Courts (AFCC) promotes the use of "PAS" use of mental health issues and other mental health accusations against mothers and children in family

courts. The AFCC creates, sells, trains and implements programs into state courts that violate ADA, ADAA, Title II, Title III. 42 U.S. Code § 12203 (b) and Denying plaintiffs honest services of the judicial system; by bar members and associates, more than (20) defendants

11. It is the policy of the State of California and its agencies to use "PAS", "Alienating Behaviors", "unknown mental problems", suicidal, flight risk, "anger management issues" and other mental health accusations against women and children in family court proceedings. This policy has a disparate impact that adversely affects women and children.

12. The State of California, et al., failed to inform Ms. Boyer of their policy to give preferential treatment to fathers, and that they were acting out of financial motivation, to obtain professional fees and federal "access" grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative.

13. Because Defendants regarded Florence Boyer as being a 'mentally disordered person' with false beliefs, Alienating and 'dangerous', having "PAS" the court was biased against her according to this sex-based stereotype. As a result, Plaintiffs could not fully and equally participate in court proceedings.

14. Defendants did not refer Plaintiffs to a disability accommodations coordinator at the courthouse or at any other location, during the pendency of the family court proceedings, nor offer accommodations to the Plaintiffs. As a result, Plaintiffs could not fully and equally participate in court proceedings.

15. Title II entities have not completed self-evaluations for any of the program, policies, interagency agreements that the plaintiffs were forced to use. If such evaluations took place, harm could have been mitigated. per § 35.105 Self-evaluation. Part (d) of this section is important because most entities purport that they did self-evaluations in 1993. However, the law changed twice, and evaluations that take in consideration these changes show a good faith effort on the entity's behalf

This is not the case here. (d) If a public entity has already complied with the self-evaluation requirement of a regulation implementing section 504 of the Rehabilitation Act of 1973, then the requirements of this section shall apply only to those policies and practices that were not included in the previous self-evaluation.

16. Defendants faked the existence of a mental health impairment, namely "PAS," ('dangerous', delusional, flight risk, emotionally abusive), alienating behaviors: "saying bad things about dad", as a cause of action for segregating Plaintiffs.

17. Defendants stereotyped and stigmatized Ms. Boyer and repeatedly acted on assumptions about Ms. Boyer and the false claims of mental illness and mental impairment.

18. Defendants perpetuated the use of "PAS" and Alienation Behaviors as a real syndrome to prejudice Ms. Boyer and other women in the family courts.

19. State and Federal laws such the Health Insurance Portability and Accountability Act of 1996 (HIPAA) provide that an individual has the right to privacy and nondiscrimination, the right to choose and decline their own healthcare providers, the right to a trusting relationship with their mental healthcare providers, and the right to Informed Consent.

20. Further, the Fourth Amendment protects the right to privacy, and the Fifth Amendment protects a person from being compelled to incriminate oneself in such evaluations or therapy ordered by the court.

21. Defendants forced or coerced Plaintiffs into accepting Dr's, therapists, evaluations where their mental health was questioned by providers Ms. Boyer did not choose and to whom she specifically objected to due to lack of trust. Moreover, Plaintiffs mental health was discussed in open court. This created a hostile environment for the Plaintiffs. While Defendants refused Plaintiffs the right to cross examination, witnesses, and evidence violating due process.

22. Ms. Boyer also has complex trauma due to Domestic Violence, and ongoing legal and financial abuse resulting in chronic stress, physical pain, sleeplessness and anxiety. She has received treatment accordingly.

23. From 2015 - present, the State of California, Marin County, Marin Superior Court has regarded Plaintiffs as each having one or more mental health disabilities, mainly "PAS" Alienating Behaviors, Dangerous and False Beliefs (believing statements by minor child).

24. Florence Boyer is a qualified individual with disabilities within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

25. S is qualified individuals with disabilities within the meaning of 42 U.S.C. §§ 12102 and 12131(2).

26. "PAS", alienating behaviors...saying bad things about dad" theory places a sex-based stereotype on women. While punishing and refusing to allow evidence of Domestic Violence and abuse claims.

27. According to the American Psychological Association (APA), there is no reliable empirical data to support the so-called phenomenon of "Parental Alienation Syndrome." Or alienation. This "syndrome" and similar ones are used almost exclusively against women.

28. The APA has repeatedly denied the theory of "Parental Alienation Syndrome" for inclusion in the Diagnostic and Statistical Manual of Mental Disorders.

29. According to the U.S. Dept. of Justice, gender bias against women in child custody proceedings is prevalent, especially where abuse is alleged (Saunders' report, 2012).

30. The Association of Family and Conciliation Courts (AFCC) promotes the use of "PAS" and other mental health accusations against mothers and children in family courts.

31. From 2000- 2010 California Court System including; Judicial Trainings, Bar Associations has trained legal and mental health professionals to adopt the theory of PAS when abuse is alleged in family court.

32. In 2.5 years, Judge Adams, Judge Wood, Judge Talamantis also ordered Plaintiffs into programs, evaluations, therapy, mediation, Supervised Visitation, and ongoing therapy to treat and assess them. The court ordered Ms. Boyer to pay approximately $40,000 in court costs, therapists and attorney's fees and this was a forced and coerced contract.

33. The Marin County Superior Court did not inform Ms. Boyer if therapists, supervisors, mediators or evaluators would be, nor if this court appointee was vetted by the State of California to comply with anti-discrimination statutes.

34. Marin General Hospital, HHS-CPS, Marin City Health and Wellness Center, Marin Family Court Services, Marin City Police Department, Mill Valley Police Department, Marin County Sheriff's Department, Family Service Agency of Marin, Marin Christian Academy, Marin Community Clinic, Hope and Wellness of Marin, Marin County EMS, Novato Community Hospital and Marin Family Law Facilitator grilled Ms. Boyer and her child. Mariny Superior Court, Marin County, Attorney Renee Marcelle, Attorney Cora J. Lancelle, Attorney Allan Samson, Attorney Kristine F. Cirby, Attorney Abby F. Lucha, Attorney Nathan Siedman, Attorney Alexandria Quam, California, Marin General Hospital, HHS-CPS, Marin City Health and Wellness Center, Marin Family Court Services, Marin City Police Department, Mill Valley Police Department, Marin County Sheriff's Department, Family Service Agency of Marin, Marin Christian Academy, Marin Community Clinic, Hope and Wellness of Marin, Marin County EMS, Novato Community Hospital, Marin Family Law Facilitator's office used reports from Marin General Hospital, HHS-CPS, Marin City Health and Wellness Center, Marin Family Court Services, Marin City Police Department, Mill Valley Police Department, Marin County Sheriff's Department, Family Service

Agency of Marin, Marin Christian Academy, Marin Community Clinic, Hope and Wellness of Marin, Marin County EMS, Novato Community Hospital and Marin Family Law Facilitator to formulate their report that states that Ms. Boyer and her child had mental health issues relating to perceived mental illness – PAS, inter alia.

35. From 2015 to present, people discussed Ms. Boyer and her child 'S's' state of mind and mental health with their therapists and medical records with doctors, which in turn, they used against Ms. Boyer and included in their written reports. These reports were provided to the Court and Ms. Boyer's former husband, and discussed in open court.

36. "Threats to disclose, or disclosure of disabled litigants' confidential information is a form of discrimination and violates the Constitutional right to privacy. The Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the laws and provides for Due Process of law. Disabled Litigants' right to confidentiality is inherent in the ADA/ADAAA statutory scheme as well is protected under several federal and state laws, including the Health Insurance Portability Act (HIPAA). The ADA/ADAAA applied in conjunction with other federal laws, provides protection at a level greater or equal to that provided by other federal and state laws, and prevails over any conflicting the ADA/ADAAA" ADA Title II Technical Assistance Manual, II-1.4200.

37. This includes manifestation of a disability, stress, sadness, anxiety, emotional (believing child's claims of abuse) are manifestations of Ms. Boyer's actual disability of Complex Trauma and Grief.

38. The defendants' actions and inactions, most relevant are the prohibitions of 42 USC 12203-, which grossly manifested into physiological symptoms including nausea and nervous stomach. Ms. Boyer was visibly ill and under duress; had difficulty breathing, was unable to cope and communicate effectively in court; and unable to fully understand the proceedings.

39. The State and its agencies did not inform Ms. Boyer if this or any mental health providers or agencies ordered into was vetted by the State of California to comply with anti-discrimination statutes.

40. The State of California et al did not provide Ms. Boyer a full and equal opportunity to benefit from its services in support of reunification with her children.

41. The State of California, Marin Superior Court, Marin County California, Marin Family Court Services, mediation, self-help service, HHS Department and CPS those involved with DCF, Family Service Agency of Marin, Center For Domestic Peace, Riley Center, A Woman's Place are obligated to make reasonable efforts to maintain the family unit and to prevent the unnecessary removal of a child from his or her home. They did not make those efforts in regard to Plaintiffs.

42. The State of California and its agencies are inaccessible to Plaintiff Florence Boyer.

43. Because the Defendants exploited Plaintiffs' disabilities and vulnerabilities, it has rendered Florence Boyer a diagnosis of PTSD so severe that she does not trust them, has lost faith in the legal system, and cannot effectively communicate with them to retrieve and access her children.

44. Ms. Boyer has experienced physiological impairments accompanying PTSD that negatively affect major life activities and bodily functions - significant loss of sleep, depression, anxiety, difficulty concentrating, and difficulty breathing, inter alia. Ms. Boyer has had to seek a significant amount of medical enhanced treatment to mitigate her condition (Dr's visits, therapy, various modalities).

45. PTSD is not curable. The duration and manifestations of Ms. Boyer's PTSD are greater than six (6) months and are lifelong. Studies consistently show that individuals with PTSD have an increased risk of dying from coronary heart disease, and other major diseases.

46. Defendants have failed to mitigate the ongoing harm complained of herein.

47. Defendants are recipients of Temporary Aid to Needy Families.

48. Plaintiffs were denied equal access to grants and funds specifically fatherhood funding; second chance funding, access to visitation and reunification programs and funding of other Health and Human Service Programs. Plaintiffs became victims of a media campaign regarding fatherlessness, and Parental Alienation which identified men as victims of systematic gender/sex bias while blaming single mothers of unfair access to children after divorce, unfitness, immoral behavior, fraudulent claims, vindictiveness and 'mental illness' that is gender/sex specific. Plaintiffs are bringing Federal Codes of Procedure – FRCP-5.10 constitutional challenge to the California Court System.

49. Defendants encouraged continued litigation and failed to address Domestic Violence and injuries sustained and ongoing trauma to child. Malicious and Vexatious litigation is promoted against victims of abuse. Such behavior has come to be known as DV by proxy. Such harassment and stalking through the court results in economic and financial devastation of opposing litigant including and not limited to false allegations and false imprisonment and loss of custody. The ABA addresses the likelihood of loss of custody to Mothers in Domestic Violence Cases as the result of discrimination without remediation. Aware of Domestic Violence; physical, financial, and emotional abuse of family members Defendants failed to provide protection from ongoing litigation and harm. Defendants Violated rules of law by failing to provide representation; to level the playing field, in 2009 in Boyer v Boyer , and protect from mitigating factors. Domestic Violence is a Primary reason for Separation and Divorce, Women experience Violence at a rate of 1 in 3. Boyer became injured and without council, the disparity in income and lack of representation in custody cases is sex discrimination.

50. Defendants violated the California Constitution, Article I, 8 (1879) when plaintiff entered court. Violating statute on Sex Discrimination; State of California Constitution enacted statute on Sex Discrimination – "A person may not be disqualified from entering or pursuing a business,

profession, vocation or employment because of sex, race creed, color or national or ethnic origin. Defendants violated EEOC policies and practices.

51. Plaintiffs reserve the right to expand these proceedings.

## CAUSE OF ACTION

## COUNT I

## TITLES II AND III OF THE AMERICANS WITH DISABILITIES ACT

52. Paragraphs 1 through paragraph 51 are re-alleged and reasserted as if fully set forth here.

53. Florence Boyer is an individual with PTSD; chronic stress related to Domestic Violence of legal and financial abuse and complex grief and regarded by Defendants as an individual having "PAS", 'Alienating Behaviors, False Beliefs, Bipolar Disorder and other accused. She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning her parental rights and the custody of her minor child S. accordingly. She is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). PTSD is listed under "predictable assessments" under the ADA and its implementing regulation. Plaintiff's disabilities must be assessed without regard to mitigating measures.

54. S. a minor child regarded by Defendants as individuals having "PAS.", Dissociative Disorder, Anxiety, and Social/Cognitive Disorders. She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning her custody and her mother's parental rights; accordingly, she is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). Plaintiffs' disabilities must be assessed without regard to mitigating measures.

55. Because the actions complained of herein occurred from 2005 to present, the greatly expanded definition of the ADA Amendments Act of 2008, Final Rule of 2016, and parallel State law changes apply.

56. Ms. Boyer's PTSD, chronic stress and complex grief due to court trauma and DV, are invisible disabilities which falls under actual mental impairment/psychiatric injury and physiological impairment, which substantially limit one or more major life activities. Ms. Boyer has records of such impairments.

57. Plaintiffs' "PAS" False Beliefs, and "Delusional" disabilities fall under the greatly expanded *regarded as* prong of the ADA. Ms. Boyer has court records of such perceived mental impairments.

58. *Major life activities* and *substantial limitations* are to be construed as broadly as possible under the ADAA and its implementing regulations.

59. Under the ADAA, "major life activities" include "major bodily functions."

60. Plaintiffs do not have to identify any major life activity or bodily functions that are substantially limited, under the ADAA and its implementing regulations, but have.

61. Defendants have subjected Plaintiffs to an ongoing mental war zone from 2005 started – present. The U.S. military does not send any personnel on a tour lasting over 278 days as it is found to cause harm.

62. Each day that passes adds incremental harm to Ms. Boyer and her minor child S. Their invisible disabilities cannot be treated until the ongoing trauma ends. A mitigating measure and remedy would require the restoration of Plaintiff child to Plaintiff mother, per enforcement of the JOD.

63. Defendants have failed to mitigate the harm they have done to Plaintiffs.

64. Unmitigated harm is a continuing cause of action.

65. Ms. Boyer's fight for her child is her ongoing major life activity.

66. Defendants State of California, State of California Judicial Branch, Marin Superior Court, Marin County California Judicial Officers, Department of Health and Human Services – CPS, Marin General Hospital, Lee Domanico President, Marin City Health and Wellness Center, Jay V. Mohammad, Marin City Police Department, Chief of Police John Rohrbacher, Family Service Agency of Marin/Bukelew, Tamara Player, Executive Director, The Center For Domestic Peace, Donna Garske, Executive Director, Marin Family Court Services, James Kim, Court, Executive Officer, San Francisco Bar Association, Yolanda Jackson, President, Family and Children's Law Center, David Sutton, President, Alexandria Quam, Family Law Facilitator, Mill Valley Police Department, Chief of Police Angel Bernal, Community Violence Solutions , Cynthia Peterson, Executive Director, Riley Center, Shari Wooleridge, Executive Director, A Woman's Place, Felicia Houston, Executive Director, Marin County Sheriff's Department, Chief of Police Robert T. Doyle, Community Action Marin, Amanda Mc Carthy, President, Marin Christian Academy, Christopher Mychajluk, Principal, Rally Family Visitation Services, Sonia Melara, President, Rally Family Visitation Services, Sonia Melara, President, Ritter Center, Linda Tavaszi, Executive Director, Marin Community Clinic, Tavaszi, Executive Director, Marin Emergency Medical Services, Miles Julihn, MA Program Manager, Novato Community Hospital, Brian Alexander, Executive Director, Association of Family and Conciliation Courts, Peter Salem, MA Executive Director, California Chapter Association of Family and Conciliation Courts, Michael John Kretzmer are a government or a department, agency, or other instrumentality of a State or State government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

67. Defendants private entities within the meaning Attorney Renee Marcelle, Attorney Cora J. Lancelle, Attorney Allan Samson, Attorney Kristine Fowler Kirby, Attorney Abby F. Lucha, Attorney Alexandria Quam, Attorney Nathan Siedman, Lisa Murphy LCSW of 42 U.S.C. § 12181.

68. Defendants are subject to both Title II and Title III of the ADA because of contractual arrangements.

69. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

70. Title III of the ADA, 42 U.S.C. § 12182, provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

71. Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(ii), provides that: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

72. Defendants removed Ms. Boyer's minor child from her custody and effectively terminated her parental rights based on regarding her as having "PAS", "alienating behavior's" and "false beliefs' and the sex-based stereotype of that "mental impairment"; regarding her as having ongoing mental health issues, as identified in court and prescribed by Marin Superior Court of California Judges,

based on Ms. Boyer's PTSD and assumptions about this mental impairment. As a result, S. has been discriminated against on the basis of her association with an individual with a disability.

73. Defendants have intentionally discriminated against Plaintiffs as qualified individuals with disabilities, on the basis and stereotypical assumptions of those disabilities, and through contractual arrangements, in the full and equal opportunity of their services, programs, activities, facilities, privileges, advantages, and accommodations, in violation of Title II of the ADA, as amended, 42 U.S.C. § 12131 *et seq.*, and its implementing regulation at 28 C.F.R. Parts 35; Title III of the ADA, as amended, 42 U.S.C. § 12181 *et seq.*, and its implementing regulation at 28 C.F.R. Parts 36, by, inter alia:

74. Denying Plaintiffs the opportunity to participate in or benefit from Defendants' services, programs, activities, facilities, privileges, advantages, and accommodations in violation of 28 C.F.R. § 35.130(b)(1)(i); and 28 C.F.R. §§ 36.201, 36.202, and 36.203.

75. Denying Plaintiffs an opportunity to participate in or benefit from Defendants' services, programs, activities, facilities, privileges, advantages, and accommodations that is not equal to that afforded to Ms. Boyer's former husband, in violation of 28 C.F.R. § 35.130(b)(1)(ii); and 28 C.F.R. §§ 36.201, 36.202;

76. Limiting Plaintiffs in the enjoyment of the rights, privileges, advantages, or opportunities enjoyed by Ms. Boyer's former husband, in violation of 28 C.F.R. § 35.130(b)(1)(vii); and 28 C.F.R. §§ 36.201, 36.202;

77. Utilizing criteria or methods of administration that had the effect of subjecting an individual with a disability to discrimination on the basis of disability or that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendants' services, programs, and activities with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130(b)(3); and 28 C.F.R. §§ 36.301(a) and 36.204;

78. Selecting vendors, forcing/coercing Plaintiffs into, and entering into, contractual arrangements to be used to evaluate Plaintiffs' mental health that had the effect of excluding Plaintiffs from, denying them the benefits of, or otherwise subjecting them to discrimination and disparate treatment, or that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of Defendants' services, programs, and activities with respect to individuals with disabilities, in violation of 28 C.F.R. § 35.130 (b)(1)(v) and (b)(4); and 28 C.F.R. §§ 36.201, 36.202, and 36.203.

79. Failing to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the Defendants can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity, in violation of 28 C.F.R. § 35.130(b)(7); and 28 C.F.R. § 36.302;

80. Failing to administer Defendants' services, programs, and activities in the most integrated setting appropriate to the needs of persons with disabilities, in violation of 28 C.F.R. § 35.130(d); and 28 CFR 36.203;

81. Failing to operate Defendants' services, programs, activities, and facilities so that, when viewed in its entirety, it is readily accessible to and usable by mothers and their children, in the most integrated setting appropriate, in violation of 28 C.F.R. §§ 35.150 and 35.151; and 28 C.F.R. § 36.203;

82. Refusing to offer and provide appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Ms. Boyer and her child to participate in Defendants' programs, services, and activities;

83. Stereotyping and stigmatizing Ms. Boyer and repeatedly acting on assumptions about Ms. Boyer's disabilities in violation of 28 C.F.R. § 35.130(h); and 28 C.F.R. § 36.301(b);

84. Perpetuating the use of "Parental Alienation Syndrome, alienation, alienating behavior's: 'saying bad things about dad'- also used unknown mental health issue, undiagnosed mental health…" as a real syndrome to prejudice Ms. Boyer and other women in the family courts in violation of 28 C.F.R. § 35.130 (b)(1)(v); and 28 C.F.R. § 36.301;

85. Excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 28 C.F.R. 35.130(g);

86. Depriving the Plaintiffs of their honest services;

87. Blocking representation by an attorney for Plaintiffs to protect their rights;

88. Segregating Plaintiffs from each other based on disability;

89. Effectively terminating Ms. Boyer's parental rights based on disability and sex;

90. Retaliating against Plaintiffs in violation of 28 C.F.R. 35.134;

91. Failing to mitigate the harm that continues through present.

92. As a result of Defendants actions and inactions, Ms. Boyer and her child S. are persons aggrieved who have been injured and suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as well as pecuniary losses.

93. A Judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity. Forrester v. White, 484 U.S. at 227-229, 108 S.Ct. at 544-545; Stump v. Sparkman, 435 U.S. at 380, 98 S.Ct. at 1106. Mireles v. Waco, 112 S.Ct. 286 at 288 (1991).

94. A state forfeits its sovereign immunity upon accepting the funding under section 504 of the Rehabilitation Act of 1973. Any immunity is abrogated.

95. The Defendants in this section have not done self-evaluations of their agencies, policies interagency agreements, etc. per § 35.105 Self-evaluation.

## COUNT II

### SECTION 504 OF THE REHABILITATION ACT

96. Paragraphs 1 through paragraph 95 are re-alleged and reasserted as if fully set forth here.

97. Florence Boyer is an individual with PTSD, due to Domestic Violence, ongoing legal and financial abuse, and complex grief; and regarded by Defendants as an individual having "PAS" "Alienating Behaviors", an "Unknown Mental Illness", "Bi-polar", "Anxiety Disorder", "Major Depression Disorder", "Unstable", "Anorexic" "Mood Disorder", "Delusional". She required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning her parental rights and the custody of her minor child S accordingly, she is a qualified individual with a disability.

98. S. regarded by Defendants as individuals having "PAS.", Dissociative Disorder, Anxiety, and Social/Cognitive Disorders. She required appropriate individualized treatment, accommodations, and full and equal access to court proceedings concerning her custody and her mother's parental rights; accordingly, they are each a qualified individual with a disability.

99. Defendants are recipients of federal financial assistance.

100. The Healthy Marriage and Responsible Fatherhood (HMRF) initiative is a $150 million discretionary grant program originally authorized under the Deficit Reduction Act of 2005 and reauthorized under the Claims Resolution Act of 2010.

101. The State of California, et al, have a policy and *modus operandi* of discriminating against mothers, particularly single mothers and victims of domestic violence, in order to receive federal grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative. Defendants pit Responsible Fatherhood against the Violence Against Women Act (VAWA) to generate a cyclical need for funding.

102.     See Quillion v Wollcot US 1978, when a dissolution is granted the state creates two new families and the "best interest is interest standard is unconstitutional for the state to disturb the families it created. Only by child protective services can the state intercede in families.

103.     Defendants have a pattern and practice of using mental health accusations and discriminatory policies, namely "PAS" "Alienating Behaviors; saying bad things about dad," false beliefs, refusing to see or talk with father, flight risk, Delusional and Bi-Polar against mothers and children to achieve the goal of getting federal funding via HMRF.

104.     Defendants here used Ms. Boyer's family to obtain federal "access" grants via Fatherhood funding to further discriminate against Ms. Boyer and her child. Defendants gave Ms. Boyer's former husband more access to their child to the extent where Ms. Boyer's access to their child was completely taken away based on her disabilities and sex-based stereotypes of those disabilities.

105.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

106.     Defendants have discriminated intentionally against Plaintiffs by refusing appropriate individualized treatment and accommodations necessary to ensure full and equal opportunity for Plaintiffs to participate in Defendants' programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

107.     As a result of Defendants' actions and inactions, Ms. Boyer and her child S. are persons aggrieved who have been injured and suffered emotional pain, suffering, mental anguish, loss of enjoyment of life, inconvenience, and other nonpecuniary losses as well as pecuniary losses.

108.     Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233

Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers. Plaintiffs require the accommodation or reasonable modification of counsel. Please see motion for counsel.

109.    The plaintiffs' are providing Judicial Notice: "a parent who is a party to the lawsuit and who has the same interests as the child is a proper representative under Fed. R. Civ. P. 17(c). See generally T.W. by Enk v. Brophy, 124 F.3d 893, 895-97 (7th Cir. 1997); see also In re Chicago, Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282 (7th Cir. 1986)

## COUNT 3

## SEX DISCRIMINATION VIOLATIONS OF STATE CONSTITUTION

110.    Paragraphs 1 through paragraph 109 are re-alleged and reasserted as if fully set forth here.

111.    Florence Boyer is an individual with PTSD; chronic stress related to Domestic Violence of legal and financial abuse and complex grief experiencing pain, sleeplessness and memory issues. regarded by Defendants as an individual having "PAS", 'Alienating Behaviors, False Beliefs, mood disorder, anorexia, unstable, Bipolar Disorder and other accused. She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning her parental rights and the custody of her minor child S; accordingly, she is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). PTSD is listed under "predictable assessments" under the ADA and its implementing regulation. Plaintiff's disabilities must be assessed without regard to mitigating measures.

112.    S a minor child regarded by Defendants as individuals having "PAS." Suicidal, Dissociative disorder, Social/Cognitive Disorders, Physical Conditions. She required appropriate individualized treatment and accommodations necessary to ensure full and equal access to court proceedings concerning

her custody and her mother's parental rights; accordingly, she is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12131(2). Plaintiffs' disabilities must be assessed without regard to mitigating measures.

113.   Because the actions complained of herein occurred from 2015 to present, the Enforcement Activities Under The Americans With Disabilities Act Title II: Programs, Services and Activities of State and Local Courts, 1990-2004, the greatly expanded ADAA 2008,2015, and the Sex Discrimination Clause in the State of California Constitution apply here. Congress passed the Americans with Disabilities Act (ADA)in 1990, to remove discrimination against individuals with disabilities and to set enforceable standards. The ADA requires businesses to make certain accommodations for employees with physical and also psychological disabilities. The Ada considered ptsd a disability. Employees of state are obligated by their employment policies not to discriminate.

114.   Ms. Boyer's PTSD, chronic stress and complex grief due to court trauma and DV, is an invisible disability which falls under actual mental impairment/psychiatric injury and physiological impairment, which substantially limit one or more major life activities. Ms. Boyer has records of such impairments.

115.   Defendants including the State of California violated the California Constitution, Article I, 8 (1879) when plaintiff entered court. Violating statute on Sex Discrimination; State of California Constitution enacted statute on Sex Discrimination – "A person may not be disqualified from entering or pursuing a business, profession, vocation or employment because of sex, race creed, color or national or ethnic origin.

116.   State of California has adopted the EEOC, federal ada amendment for persons considered disabled under the law. According to the ADA Amendments Act, the term "disability" means, with respect to an individual, one who: Has a physical or mental impairment that *substantially limits* one or more *major life activities* of such an individual;A record of such an impairment; Being regarded as having such an impairment. The ADA prohibits discrimination based on an actual, history of, or perceived disability,

including disparate treatment or harassment. Under the ADA as amended effective January 1, 2009, applicants and employees are protected if an employer treats them differently or harasses them based on an actual or perceived impairment that is not transitory and minor. Such individuals need not have an impairment that substantially limits a major life activity, or that is perceived to do so, in order to be protected from disparate treatment or harassment under the ADA. Under the laws enforced by EEOC, it is illegal to discriminate against someone (applicant or employee) because of that person's race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to retaliate against a person because he or she complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. For example, if two employees commit a similar offense, an employer many not discipline them differently because of their race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information.

117.     Plaintiff Boyer complained of the unfair business practices, harassment, discrimination, cruel and unusual treatment, fraud and due process violations. Boyer filed these complaints with the Attorney General, Marin Superior Court, Executive Director and Presiding Judge, Marin Domestic Violence Services, HHS-CPS, Child Welfare Services, District Attorney, Mill Valley Police Department, Bar Association of San Francisco and Marin, The Commission on Judicial Performance, Marin General Hospital, Marin City Health and Wellness Center, Marin City Police Department, Family Service Agency of Marin, Center For Domestic Peace, Family and Children's Law Center, Riley Center, A Woman's Place, CATS, Marin County Sheriff's Department, Community Violence Solutions, Community Action Marin, Marin Christian Day Academy, Rally Family Visitation Services, Homeward Bound of Marin, Ritter Center, Marin Community Clinic, Petersen Dean, Inc., Hope and Wellness of Marin, Marin County EMS, Novato Community Hospital.

118.   Defendants violated EEOC policies and practices. Congress, and by the courts forcing an Amendment in 2008 to the ADA/ADAAA specifically did not release jurisdiction of enforcement of the civil rights of the ADA/ADAAA to the courts, but instead placed jurisdiction in Title I first in the EEOC, and for ADA Title II and III. The state of California and the Court follows EEOC.

119.   Defendants as Trade Commissions, Associations, State and County Vendors, Local Government, State Agencies and Individuals benefit from the Programs and Funding that is used to bias against women. 1996 fatherhood initiative came with social programming. A media campaign known as 'be a dad today', in print media, billboards, court houses etc with information about fatherhood funding for custody and child support. Programs effected; Social Services, Domestic Violence Services, Child Abuse Councils, Child Welfare Program, including- child support and Family Court Services. The result - depriving the Plaintiffs of their honest services; excluding or otherwise denying equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 28 C.F.R. 35.130(g); on the account of sex discrimination and PTSD.

120.   AFCC violated EEOC Policies under ADA against disabled persons with PTSD and State of California Constitution on sex discrimination. Plaintiff's were denied equal access to grants and funds specifically fatherhood funding; second chance funding, access to visitation and reunification programs and funding of other Health and Human Service Programs. Plaintiffs became victims of a media campaign regarding fatherlessness, and Parental Alienation which identified men as victims of systematic gender/sex bias while blaming single mothers of unfair access to children after divorce, unfitness, immoral behavior, fraudulent claims, vindictiveness and 'mental illness' discrimination that is gender/sex specific.

**Prayer for Relief**

WHEREFORE, Plaintiffs demand judgment against Defendants for the following:

121.    Declare that Defendants have violated Title II of the ADA, 42 U.S.C. §12131 *et seq.*, and its implementing regulation, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. §12181 *et seq.*, and its implementing regulation, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

122.    Enjoin Defendants, their officers, agents and employees, and all other persons in active concert or participation with Defendants, as well as any successors or assigns, from engaging in discriminatory policies and practices against individuals based on their disabilities, and specifically from failing or refusing to take appropriate steps to ensure compliance with the requirements of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

123.    Order Defendants to modify their policies, practices, and procedures as necessary to bring them into compliance with Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

124.    Order the Defendants, their agents and successors in office, and all persons acting in concert with the Defendants to promptly remedy the demonstrated violations of Title II of the ADA and its implementing regulation, and mitigate harm to Plaintiffs;

125.    Terminate Defendants' federal financial assistance;

126.    Assess a civil penalty against defendants as authorized by 42 U.S.C. § 12188(b)(2)(C) to vindicate the public interest;

127.    To reimburse Ms. Boyer for the expenses she incurred with $40,000.00.

128.    To award compensatory and punitive damages to Plaintiffs; $2,,800,000.00 to each plaintiff.

129.    To award Plaintiffs' attorney's fees and costs;

130.    Order such other appropriate relief as the interests of justice require.

October 23, 2017

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint, and that the information contained therein is true and correct.

_____

The Plaintiff

Florence Boyer, in propria persona,

and a/n/f of S, and

on behalf of all others similarly situated

Florence Boyer

P.O. Box 150631, San Rafael, CA 94915

floboyer@yahoo.com, 415.879.7228