**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FLORENCE BOYER, S, A MINOR,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA ATTORNEY GENERAL XAVIER BECERRA, ET AL.,**<br><br>Defendants. | Case No.: 4:17-cv-06063-YGR<br><br>**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ; DENYING MOTION FOR LEGAL COUNSEL AND REPRESENTATION; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 3 & 4 |

The Court has received plaintiff's Complaint, Application to Proceed *in Forma Pauperis*, and Motion for Legal Counsel and Representation, all filed on October 23, 2017.

The Court may authorize that a plaintiff can proceed in a federal court action *in forma pauperis* ("IFP"), meaning without prepayment of fees or security, if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The court's grant of plaintiff's application to proceed IFP does not mean that the Court must permit plaintiff to prosecute the claim under all circumstances. A court is under a continuing duty to dismiss a case filed without payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the Court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. section 1915(e)(2)(B), courts assess whether plaintiff states an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter

jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations implausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Federal courts are courts of limited jurisdiction. They have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). While California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal courts can only adjudicate cases that the Constitution or Congress authorizes them to adjudicate. Cases where the federal court has jurisdiction are those where there is a diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or in which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing jurisdiction rests upon the party asserting it. *Id.* at 377. If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3). Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted.

In reviewing the complaint here, the Court is unable to discern a legally cognizable basis for a claim over which the Court would have jurisdiction. Plaintiff Boyer alleges violations of Titles I and II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Constitution of the State of California, against a host of state and local actors and individuals based on her apparent dissatisfaction with the way in which an April 2015 custody hearing was executed and the outcome of such hearing. Among the various conclusory allegations made in the complaint are that: (1) "The State of California et al., failed to inform Ms. Boyer of their policy to give preferential treatment to fathers, and that they were acting out of financial motivation, to obtain professional fees and federal 'access' grants via The Healthy Marriage and Responsible Fatherhood (HMRF) initiative"; and (2) "Because Defendants

regarded Florence Boyer as being a 'mentally disordered person' with false beliefs, Alienating and 'dangerous,' having 'PAS' [Parental Alienation Syndrome] the court was biased against her according to this sex-based stereotype." (Dkt. No. 1 [Complaint] p. 17.)[1] As a result of the latter, Boyer further alleges that "Plaintiffs [*i.e.*, Boyer and her son] could not fully and equally participate in court proceedings." (*Id*.) Boyer cites to various reports and studies in an attempt to substantiate her claims of discrimination on the basis of her gender and disability status. (*See, e.g.*, *id*. pp. 16, 19.) Ultimately, the essence of Boyer's allegations is that "[t]he State of California and its agencies are inaccessible to Plaintiff Florence Boyer." (*Id*. p. 22.)

Boyer fails to connect her complaints about the custody hearing to any legal right of action against each of the named defendants. Boyer's complaint further fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Moreover, Boyer resorts to improper group pleading. *See Sebastian Brown Prods. LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("[A] complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).") (internal quotation marks omitted) (alterations in original). Accordingly, plaintiff's complaint is dismissed for failure to state cognizable claims.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Therefore, the Court will permit plaintiff an opportunity to amend to state a claim.

The Court also notes that Boyer identifies her minor son as a plaintiff. Boyer cannot represent her son as she is not an attorney nor has she been appointed guardian *ad litem*.

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff's Application to Proceed *in forma pauperis* is **GRANTED**.

(2) Plaintiff's Motion for Legal Counsel and Representation is **DENIED**. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally . . . no

---

[1] Because the paragraph numbering resumes at 1 in each section of the Complaint, this order cites to specific pages in the Complaint rather than to paragraphs.

3

constitutional right to counsel in a civil case."). The Court may reconsider on its own motion and request appointment of counsel later in the proceedings.

(3) Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) If plaintiff wishes to pursue this action, plaintiff must file an amended complaint no later than **December 7, 2017**.

(5) If plaintiff fails to amend, the case will be dismissed under Rule 41(b) for failure to prosecute. *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

This Order Terminates Docket Numbers 3 & 4.

**IT IS SO ORDERED.**

Dated: November 7, 2017

*[signature]*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4